**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

RAHUL DASARI,
#0034258                                                                        PLAINTIFF

V.                                        3:21CV00170-DPM-JTK

GREENE COUNTY DETENTION CENTER, et al.                      DEFENDANTS

<u>**ORDER**</u>

 Plaintiff Desari, an inmate incarcerated at the Greene County Detention Facility, filed this <u>pro se</u> action pursuant to 42 U.S.C. § 1983 and paid the $402.00 filing fee. (Doc. No. 5) However, since Plaintiff is incarcerated, he and the Court must rely on the United States Marshal Service for the issuance of summons and service of the Complaint on the Defendants.   Therefore, Plaintiff must first submit a completed <u>in forma pauperis</u> application prior to this Court's ruling on the issuance of summons in this action.

**II. Screening**

 The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a).   The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

 An action is frivolous if "it lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).   An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."

1

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972).   The court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).   However, regardless whether a plaintiff is represented or appearing pro se, the complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985).

Additionally, to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Twombly, 550 U.S. at 570.   A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.   Twombly, 550 U.S. at 556-7.   The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief."   Id.

III.   **Analysis**

Plaintiff complains that Defendant Hubble failed to protect him from harm from another inmate, but he is not specific about her knowledge of her interactions with the Plaintiff or her knowledge of the alleged danger posed by the inmate. In addition, although Plaintiff claims he was denied adequate medical care after the attack and denied a proper eye glass prescription, he does not include specific allegations concerning Defendant Green's involvement with his health care.

2

And the Greene County Detention Center cannot be sued in this § 1983 action. See <u>Dean v. Barber</u>, 951 F.2d 1210, 1214 (11th Cir. 1992) (holding that police and sheriff's departments are not usually considered legal entities subject to suit); <u>Ketchum v. City of West Memphis</u>, 974 F.2d 81 (8th Cir. 1992) (holding that the West Memphis Police Department and Paramedic Services are departments or subdivisions of the City government and not separate juridical entities).

Therefore, the Court finds that Plaintiff's allegations fail to support a constitutional claim for relief against the named Defendants. The Court will grant Plaintiff an opportunity to amend his Complaint, to set forth his allegations more specifically.   Plaintiff should submit to the Court, within thirty (30) days of the entry date of this Order, an Amended Complaint which contains all of his claims against all Defendants he is suing in a single document.   Plaintiff is cautioned that an amended complaint will render his original Complaint without legal effect.[1]   Plaintiff's Amended Complaint should: **1) name all the parties he believes deprived him of his constitutional rights and whom he wishes to sue in this action; 2) provide specific facts against each named Defendant in a simple, concise, and direct manner; 3) indicate whether he is suing each Defendant in his/her individual or official capacity, or in both capacities; 4) state how he was harmed; and 5) state if he is incarcerated as a pretrial detainee.   Plaintiff must set forth specific facts concerning the allegations he has set forth including, where applicable, dates, times and places.**

IT IS THEREFORE ORDERED that:

---

[1]"An amended complaint 'ordinarily supersedes the original and renders it of no legal effect.'" <u>In Home Health, Inc. v. Prudential Ins. Co. Of America</u>, 101 F.3d 600, 603 (8th Cir. 1996) (quoting <u>International Controls Corp. v. Vesco</u>, 556 F.2d 665, 668 (2d Cir. 1994) (other citations omitted)).

1.      Plaintiff shall file a Motion to Proceed In Forma Pauperis within thirty days of the date of this Order. The Clerk shall send Plaintiff an In Forma Pauperis form.

2.      Plaintiff shall file an Amended Complaint in accordance with the above instructions within thirty (30) days from the date of this Order.   The Clerk shall mail Plaintiff the Court-provided 42 U.S.C. § 1983 Complaint form, and upon the filing of the Amended Complaint, the Clerk shall resubmit this action to the Court for review pursuant to 28 U.S.C. § 1915(e). Plaintiff's failure to comply with the Court's instructions may result in the dismissal of this action. See Local Rule 5.5(c)(2).

IT IS SO ORDERED this 29th day of September, 2021.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE