# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

RAHUL DASARI,
#0034258                                                                                    PLAINTIFF

V.                                    3:21CV00170-DPM-JTK

GREENE COUNTY DETENTION CENTER, et al.                              DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to Chief United States District Judge D.P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a Hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

**I.     Introduction**

Plaintiff Rahul Desari ("Plaintiff"), an inmate incarcerated at the Greene County Detention Facility, filed this pro se action pursuant to 42 U.S.C. § 1983 and paid the $402.00 filing fee. (Doc. Nos. 1, 5).  On September 29, 2021, the Court directed Plaintiff to file an Amended Complaint.  (Doc. No. 8).  Plaintiff now has filed his Amended Complaint (Doc. No. 8) and the Court will continue screening his claims. See 28 U.S.C. § 1915A; Lewis v. Estes, 242 F.3d 375 (8th Cir. 2000) (per curiam) (§ 1915A's screening requirement applies regardless of fee status).

**II.    Screening**

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a).   The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992). However, regardless whether a plaintiff is represented or appearing pro se, the complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985).

Additionally, to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Twombly, 550 U.S. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Twombly, 550 U.S. at 556-7. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." Id.

### III. Analysis

Plaintiff sued the Greene County Detention Center, Lieutenant Alicia Hubble, Head Nurse Tammy Grenn, and other unidentified jail staff and medical staff in their official capacities only. (Doc. No. 8 at 2). Plaintiff alleges Defendant Hubble failed to protect Plaintiff from his cellmate. (Id. at 4). He further alleges that his cellmate attacked him, resulting in cuts to Plaintiff's face,

and Plaintiff did not receive the appropriate medical care after the attack. (Id. at 6-7). Plaintiff's glasses were broken during the attack. (Id. at 7). Plaintiff claims he has not received glasses with the proper prescription after the incident. (Id. at 7-8). Plaintiff seeks damages. (Id. at 5).

As explained below, Plaintiff's allegations as currently pled fail to state a claim on which relief may be granted.

### A. Greene County Detention Center Not Subject to Suit Under 42 U.S.C. § 1983

As the Court explained to Plaintiff in the Order directing him to file an Amended Complaint, the Greene County Detention Center is not subject to suit under § 1983. See Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992); Ketchum v. City of West Memphis, 974 F.2d 81 (8th Cir. 1992. As such, Plaintiff has failed to state a claim against the Greene County Detention Center.

### B. Official Capacity Claims Only

Plaintiff sued Defendants in their official capacities only. (Doc. No. 8 at 2). "A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity." Veatch v. Bartels Lutheran Home, 627 F.3d 1254, 1257 (8th Cir. 2010). Accordingly, Plaintiff's official capacity claims against the Detention Center staff are the equivalent of claims against Greene County. And Plaintiff's official capacity claims against any employees of a third-party medical provider are the equivalent to a claim against their employer. See Sanders v. Sears, Roebuck & Co., 984 F.2d 972, 975-76 (1993). To state a claim against Greene County or a third party employer, Plaintiff would have had to allege that a policy or custom of the County or employer was the driving force behind the violation of Plaintiff's rights. See Corwin v. City of Independence, Missouri, 829 F.3d 695, 699 (8th Cir. 2016) (citing Monnell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978); City of Canton, Ohio v. Harris, 489 U.S. 378,

4

389 (1989)). But Plaintiff did not make such allegations and his Amended Complaint does not otherwise indicate that a policy or custom was at issue. Accordingly, Plaintiff's claims as currently pled fail.

### IV. Conclusion

IT IS THEREFORE RECOMMENDED that:

1. Plaintiff's Complaint, as amended (Doc. No. 8) be DISMISSED without prejudice for failure to state a claim on which relief may be granted.

2. Plaintiff's Motion to Proceed in forma pauperis (Doc. No. 7) be DENIED as moot.

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

IT IS SO RECOMMENDED this 2nd day of November, 2021.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE