IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

RAHUL DASARI
#0034258                                                                           PLAINTIFF

v.                         No. 3:21-cv-170-DPM

GREENE COUNTY JAIL DETENTION
CENTER; ALICIA HUBBLE, Lieutenant,
Greene County Jail Detention Center;
TAMMY GRENN, Head Nurse, Greene
County Jail Detention Center; and DOES,
Jail Staff and Medical Staff, Greene County
Jail Detention Center                                                          DEFENDANTS

ORDER

1. Motion for extension, *Doc. 12*, denied as moot. The Court already received Dasari's motion for leave to proceed *in forma pauperis*. The Court directs the Clerk to send Dasari a copy of the docket sheet with this Order.

2. Dasari's amended complaint dropped Tammy Grenn and the Doe Defendants from this lawsuit. *Doc. 8 at 1*. His claims against them are therefore dismissed without prejudice.

3. Dasari's embedded motion for appointed counsel, *Doc. 13*, is denied. Neither the facts nor the claims are complex enough to warrant appointed counsel. *Plummer v. Grimes*, 87 F.3d 1032, 1033

(8th Cir. 1996). And the Court has construed Dasari's *pro se* papers liberally.

**4.** On *de novo* review, the Court adopts Magistrate Judge Kearney's recommendation, *Doc. 11*, as supplemented and overrules Dasari's objections, *Doc. 13*. FED. R. CIV. P. 72(b)(3). Dasari's claims against the Greene County Detention Center and his official capacity claims against Lieutenant Hubble will be dismissed without prejudice for failure to state a claim.

The supplement: Dasari's objections suggest that he was confused about whether Hubble should be sued in her individual or official capacity. Even if Dasari had sued Hubble in her individual capacity, though, his amended complaint fails to state a claim against her. Dasari alerted Hubble that another inmate came to his room "talking loudly [and] disturbing my sleep" and came back later "and removed stuff from my table and play[ed] chess with cellmate." *Doc. 8 at 6*. He told Hubble that he didn't want to report this in person because "they could cause me trouble or their groupmates in the unit might cause me trouble[.]" *Doc. 8 at 6*. But Dasari's reporting this sort of "general fear for his safety" didn't put Hubble on notice about a specific risk of harm. *Robinson v. Cavanaugh*, 20 F.3d 892, 895 (8th Cir. 1994); *compare Young v. Selk*, 508 F.3d 868 (8th Cir. 2007). Further, the amended complaint doesn't allege that Hubble was responsible for any of Dasari's medical treatment after he was attacked. *Doc. 8 at 6–8*.

Any individual capacity claim against Hubble in the amended complaint therefore fails.

Dasari's amended complaint will be dismissed without prejudice for failure to state a claim. Motion for leave to proceed *in forma pauperis*, Doc. 7, denied as moot. An *in forma pauperis* appeal from this Order and accompanying Judgment would not be taken in good faith.

So Ordered.

*[signature]*

D.P. Marshall Jr.
United States District Judge

6 December 2021